# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| LAZARO V. GUERRA-HERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:19 CV 61 DDN |
| | ) | |
| DAN REDINGTON, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

This action is before the Court upon the petition of Missouri state prisoner Lazaro V. Guerra-Hernandez for a writ of habeas corpus under 28 U.S.C. § 2254.  The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).  For the reasons set forth below, the petition for a writ of habeas corpus is denied.

## BACKGROUND

On June 8, 2015, in the Circuit Court of St. Charles County, Missouri, petitioner Guerra-Hernandez, then 50 years of age, was charged by an amended Information with one count of felony second-degree assault on a law enforcement officer "by striking him and biting him," one count of misdemeanor driving while intoxicated, and one count of misdemeanor driving while his license was revoked.  The information also alleged he was a prior and persistent offender.  (Doc. 15-1 at 12-15.)  Also on June 8, 2015, petitioner pled guilty to all three counts of the amended Information.  (*Id.* at 33-37.)  On July 20, 2015, the circuit court found petitioner was a prior and persistent offender and sentenced him to concurrent terms of confinement for ten years for the assault, six months for the driving while intoxicated, and one year for the driving while his license was revoked.  (*Id.* at 27-30.)

Petitioner did not directly appeal the sentences.  However, on January 15, 2016, he filed a *pro se* post-conviction motion ("PCR motion") to set aside or correct his judgment and sentence pursuant to Missouri Supreme Court Rule 24.035. (*Id.* at 43.)    In this motion

petitioner alleged his plea counsel was ineffective and that the guilty plea was induced by counsel's lies and promises that he would receive a sentence of 120 days "shock" confinement. He also alleged he was "excessively charged with no factual basis." (*Id.* at 48.)  On November 28, 2016, with the advice of appointed counsel, petitioner filed an amended PCR motion.  In it petitioner alleged his plea counsel advised him that, if he pled guilty, he would be placed in a 120-day treatment program under Rev. Stat. Mo. § 559.115.  Petitioner alleged that but for counsel's ineffective assistance, he would have not pled guilty, but would have proceeded to trial.  (*Id.* at 60-61.)   Petitioner requested an evidentiary hearing on this motion.  On March 1, 2017, the Circuit Court denied the PCR motion without an evidentiary hearing.

On appeal, the Missouri Court of Appeals remanded the case to the Circuit Court for a hearing on whether appointed PCR counsel abandoned petitioner because the amended PCR motion was filed out of time.  The Circuit Court made that finding and petitioner's appellate proceeding resumed.  (Doc. 15-5 at 1-6.)  Before the Court of Appeals petitioner argued only "Counsel erroneously advised Appellant Hernandez that – if he pleaded guilty – he would be placed in the one-hundred-twenty- (120-) day treatment program under § 559.115."  (Doc. 15-7 at 2.)  On June 18, 2019, the Missouri Court of Appeals affirmed the denial of post-conviction relief.  *Guerra-Hernandez v. State*, 577 S.W.3d 175 (Mo. Ct. App. 2019) (filing an unreported supplemental explanatory opinion).

On July 25, 2019, petitioner filed the instant federal petition.  Respondent admits petitioner filed his petition in a timely manner.

## PETITIONER'S GROUND FOR FEDERAL HABEAS RELIEF

Petitioner alleges one ground for relief:  He received constitutionally ineffective assistance of counsel because his plea counsel advised him, if he pled guilty, he would be placed in a 120-day treatment program under § 559.115.   Respondent argues this ground for relief is without merit.

## STANDARD OF REVIEW

For federal habeas grounds adjudicated by the state courts, such as petitioner's, Congress has provided that federal habeas relief may not be granted unless the state court adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)-(2).

"A state court's decision is contrary to clearly established law if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules require a particular result in a particular case." *Tokar v. Bowersox*, 198 F.3d 1039, 1045 (8th Cir. 1999) (internal citation omitted). Further, a state court's decision involves an unreasonable application of clearly established federal law when "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Thaler v. Haynes*, 559 U.S. 43, 47 (2010). The standard for deciding whether a state court unreasonably applied Supreme Court precedent is whether the ruling is "objectively unreasonable, not merely wrong; even clear error would not suffice." *Virginia v. LeBlanc*, 137 S. Ct. 1726, 1728 (2017) (quoting *Woods v. Donald*, 575 U.S. 312, 316 (2015).

A state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 182-83 (2011) ("It would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court."). Clear and convincing evidence that factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293. The existence of some contrary evidence in the record is not enough to show that the state court's factual finding was unreasonable. *Wood,* 558 U.S. at 302.

The merits of petitioner's ground for relief depend upon clearly established federal law regarding a claim of constitutionally ineffective assistance of counsel in a criminal case decided upon the petitioner's plea of guilty. The test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Where a

defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." *Id.* (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

The Sixth Amendment right to counsel provides the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Marcrum v. Luebbers*, 509 F.3d 489, 502 (8th Cir. 2007). The Supreme Court's established test for deciding whether an attorney provided effective assistance of counsel is two-part: first,  the petitioner must show that counsel's performance was so seriously deficient that counsel was not functioning as the "counsel" guaranteed the Sixth Amendment; second, he must show that deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. When considering the first prong, a court must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance. *Harrington v. Richter*, 562 U.S. 86, 105 d(2011).

The second prong, the prejudice prong, is different from the original *Strickland* test when applied in the context of guilty pleas. While *Strickland* asks whether or not there is a reasonable probability that but for the counsel's unprofessional errors the result would have been different, the petitioner who pled guilty must show that there is a reasonable probability that he would have insisted on going to trial. *See Lockhart*, 474 U.S. at 59.

Both prongs need to be proved for an ineffective assistance of counsel claim to prevail. This means that the question of prejudice need not to be reached if a petitioner fails to show the performance of counsel is deficient, and vice versa. *See Strickland*, 466 U.S. at 697; *Williams v. Locke*, 403 F.3d 1022, 1025 (8th Cir. 2005).

## DISCUSSION

In his habeas petition, petitioner's sole ground for relief is that he pled guilty due to the ineffective assistance of his plea counsel. He claims the motion court erred in denying his motion because he would not have pled guilty had his plea counsel not erroneously advised him that he would be placed in the 120-day treatment program under Rev. Stat. Mo. § 559.115 if he pled guilty. Respondent argues this ground is without merit because the Missouri courts

reasonably applied federal law that was clearly established in deciding petitioner's plea counsel did not render constitutionally ineffective assistance.

In his traverse, petitioner argues his reliance upon his attorney's misrepresentation was objectively reasonable and that he should have received an evidentiary hearing opportunity to prove his reliance was reasonable. He bases this upon the facts that his counsel knew that his criminal record included only a suspended imposition of sentence, that he had never been imprisoned, and that all of his prior convictions resulted from his alcohol addiction. Based on that information, his plea counsel advised him that, if he pled guilty, he would receive a seven year sentence and placement in the 120-day treatment program. He argues his counsel also advised him that after he completed the treatment program, he would be placed on five years' probation. Before the sentencing, his counsel asked that petitioner be screened for the treatment program. As set forth below, the state court record indicates that petitioner told the circuit court that he had not been promised any sentence. Petitioner argues he made those statements "under duress not to say the truth." (Doc. 16 at 6.) He argues he is entitled to an evidentiary hearing to prove he "was told by counsel to not to admit counsel's promise to him during the Court's inquiry of him, which is why he did not say anything about it." (*Id.* at 8.)

The Missouri Court of Appeals affirmed the motion court's judgment because the record conclusively demonstrated that petitioner's guilty plea was voluntary and his reliance on plea counsel's sentencing prediction was unreasonable. *Guerra-Hernandez*, 577 S.W.3d at 176. More specifically, the Court of Appeals ruled as follows:

Factual and Procedural History

In 2013, Guerra-Hernandez consumed eight beers, then drove a vehicle while his license was revoked. When a police officer approached and questioned him at a gas station due to his intoxicated demeanor, Guerra-Hernandez admitted he had been drinking. The police officer had Guerra-Hernandez perform sobriety tests and attempted to place Guerra-Hernandez under arrest. Guerra-Hernandez struggled against his arrest, but the police officer was able to secure him in the back of the patrol car. As the police officer was driving to the police station with Guerra-Hernandez in the back of the patrol car, Guerra-Hernandez attempted to kick out the window of the patrol car. The police officer pulled the patrol car over and directed Guerra-Hernandez to stop kicking the window. Guerra-Hernandez reacted aggressively, lunging at the police officer. During the struggle, Guerra-Hernandez bit the police officer's arm.

The State charged Guerra-Hernandez with second-degree assault of a law enforcement officer, driving while intoxicated, and driving while his license was revoked. Guerra-Hernandez pleaded guilty to all counts. At the guilty plea hearing, Guerra-Hernandez answered yes when the plea court asked him whether plea counsel had explained that there was no plea agreement as to sentencing and that the plea court would sentence him to some appropriate sentence within the range of punishment. The plea court also informed Guerra-Hernandez that because the State charged him as a prior and persistent offender, the felony-charge's punishment range was elevated to as high as fifteen years in prison. The State recommended ten years for the assault charge and noted Guerra-Hernandez's intent to request screenings for alcohol-treatment programs. The plea court then repeated its questions to Guerra-Hernandez regarding the lack of plea agreement, that he may be sentenced to more than ten years in prison, and that there was no agreement regarding concurrent sentencing. Guerra-Hernandez stated that he understood and still wished to plead guilty. The plea court further inquired about whether Guerra-Hernandez had been promised anything relating to sentencing:

> Q: Has anyone promised you anything to get you to plead guilty?
> A: No, sir.
> Q: Has anyone made you any promises about how much time you'll serve in
> the Department of Corrections on these charges?
> A: No, sir.

The plea court found a factual basis to support the plea and accepted Guerra-Hernandez's plea of guilty to all charges.

At the sentencing hearing, plea counsel requested that Guerra-Hernandez be sentenced with the opportunity to complete a treatment program pursuant to Section 559.115, because "[t]his incident and all of Mr. Guerra-Hernandez's priors stem from substance abuse. In particular, his addiction to alcohol." The State recommended ten years, and the arresting police officer's victim statement was read into the record. The sentencing court found that Guerra-Hernandez was a danger to society due to his repeated drinking and driving, prior conviction and multiple probation violations. The sentencing court noted that "when you're in the penitentiary, you can ask for treatment and they'll give it to you."

The sentencing court sentenced Guerra-Hernandez as a prior and persistent offender to concurrent sentences of ten years in prison for assault on a law enforcement officer, six months for driving while intoxicated, and one year for driving with a revoked license. Then, the sentencing court asked Guerra-Hernandez whether he was satisfied with plea counsel, and Guerra-Hernandez affirmed that he was. Guerra-Hernandez also testified that he had no complaint whatsoever to make against plea counsel.

-6-

Following sentencing, Guerra-Hernandez moved for post-conviction relief under Rule 24.035, which the motion court denied without an evidentiary hearing. Guerra-Hernandez appealed the motion court's denial, and we remanded the case for an abandonment inquiry due to untimely filing of the amended post-conviction relief motion. Guerra-Hernandez v. State, 548 S.W.3d 368, 370 (Mo. App. E.D. 2018). On remand, the motion court found Guerra-Hernandez had been abandoned and again denied his motion for post-conviction relief without an evidentiary hearing. Guerra-Hernandez now appeals.

### Point on Appeal

In his sole point on appeal, Guerra-Hernandez claims the trial court erred in denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing because plea counsel erroneously advised him that if he pleaded guilty he would be sentenced to a 120-day treatment program under Section 559.115 rather than imprisoned, thereby prejudicing him.

### Standard of Review

Our review of the motion court's denial of a Rule 24.035 motion for post-conviction relief is limited to determining whether the trial court's findings of fact and conclusions of law are clearly erroneous. Davis v. State, 435 S.W.3d 113, 116 (Mo. App. E.D. 2014) (citing Rule24.035(k); Webb v. State, 334 S.W.3d 126, 128 (Mo. banc 2011)). The burden is on the movant to show by a preponderance of the evidence that the motion court clearly erred in its ruling. Gold v. State, 341 S.W.3d 177, 180 (Mo. App. S.D. 2011) (internal citation omitted). "The motion court's findings and conclusions are clearly erroneous only if, after review of the record,[we are] left with the definite and firm impression a mistake has been made." Id.

### Discussion

To prevail on a claim for ineffective assistance of counsel after pleading guilty, a movant must demonstrate that (1) plea counsel failed to exercise the customary skill and diligence that reasonably competent attorney would perform under similar circumstances and (2) plea counsel's deficient performance prejudiced the movant. Haddock v. State, 425 S.W.3d 186, 189 (Mo. App. E.D. 2014) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984); Rush v. State, 366 S.W.3d 663, 666 (Mo. App. E.D. 2012)). Under the first prong, a movant must overcome the strong presumption that plea counsel's performance was reasonable and effective by showing "specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance[.]" Zink v. State, 278 S.W.3d 170, 176 (Mo. banc 2009) (internal citation omitted). "To satisfy the prejudice requirement when challenging a guilty plea, the movant must allege facts showing that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Webb, 334 S.W.3d at 128

(internal quotations omitted). "If either the performance or the prejudice prong of the test is not met, then we need not consider the other, and [the m]ovant's claim of ineffective assistance of counsel must fail." Gold, 341 S.W.3d at 181 (internal quotation omitted).

When a movant pleads guilty, his "claim of ineffective assistance of counsel is immaterial except to the extent the conduct affects the knowing and voluntary nature of the guilty plea." Haddock, 425 S.W.3d at 189 (internal citation omitted); Gold, 341 S.W.3d at 181 (internal quotation omitted). We require a guilty plea to be "a voluntary expression of the defendant's choice and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences of the act." Whitehead v. State, 481 S.W.3d 116, 123 (Mo. App. E.D. 2016) (citing Davis, 435 S.W.3d at 116). "The burden of proof is upon [the m]ovant to demonstrate that his guilty plea[] [was] not knowingly and voluntarily entered. Felton v. State, 103 S.W.3d 367, 371 (Mo. App. S.D. 2003) (internal citation omitted). A movant is not guaranteed an evidentiary hearing on a claim for ineffective assistance of counsel. Rule 24.035(h). Rather, "[a] movant is entitled to an evidentiary hearing only if: '(1) he pleaded facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of resulted in prejudice to the movant.'" Booker v. State, 552 S.W.3d 522, 526 (Mo. banc 2018) (quoting McNeal v. State, 412 S.W.3d 886, 889 (Mo. Banc 2013)). If the record conclusively refutes that the movant is not entitled to relief, then the court need not conduct an evidentiary hearing. Id. (citing Rule 24.035(h)).

Here, Guerra-Hernandez alleges that plea counsel was ineffective for misadvising him about his sentencing expectations. Specifically, in his amended motion, Guerra-Hernandez claims that plea counsel advised him that if he pleaded guilty, the sentencing court would sentence him to the 120-day treatment program under Section 559.115, followed by a suspended execution of the sentence with five years' probation. "Section 559.115 grants the trial court authority to place a convicted offender temporarily in the custody of the Department of Corrections pursuant to a '120-day callback' program." Haddock, 425 S.W.3d at 190 (citing Section 559.115; Irvin v. Kempner, 152 S.W.3d 358, 360–61 (Mo. App. W.D. 2004)). After completion of either a shock incarceration program or institutional treatment program, the defendant may be released and placed on probation. Id. (citing Irvin, 152 S.W.3d at 361). Guerra-Hernandez alleges that plea counsel predicted this sentencing outcome because Guerra-Hernandez had never been in prison before—having received suspended imposition of sentences on all prior convictions. Guerra-Hernandez asserts that he only pleaded guilty due to plea counsel's erroneous advice that he would be placed in a treatment program and be offered probation.

"In cases where counsel affirmatively misinforms a client about *any* consequence of pleading guilty, direct or collateral, and thereby causes such

-8-

client to possess a mistaken belief regarding his sentence, the critical test is whether a reasonable basis exists in the record for such mistaken belief." Johnson v. State, 318 S.W.3d 313, 318 (Mo. App. E.D. 2010) (internal quotation omitted). Guerra-Hernandez argues he reasonably should have been able to rely on plea counsel's promise of being sentenced to the 120-day treatment program and subsequent probation. However, Missouri courts have held that plea counsel's mere prediction or advice does not make a guilty plea involuntary. Davis, 435 S.W.3d at 116 (citing Nesbitt v. State, 335 S.W.3d 67, 69 (Mo. App. E.D. 2011)). "Neither a disappointed expectation of a lesser sentence, nor a mere prediction as to sentencing by counsel that proves incorrect, is sufficient to render guilty plea involuntary." Gold, 341 S.W.3d at 181 (internal citations omitted); see also Felton, 103 S.W.3d at 371 (internal citation omitted) ("Movant's expectation of a lighter sentence than that actually received does not make a plea involuntary."). Therefore, we are not persuaded that Guerra-Hernandez's reliance on plea counsel's prediction of treatment-program sentencing was reasonable nor that it rendered his plea involuntary. See Davis, 435 S.W.3d at 116; Gold, 341 S.W.3d at 181; Felton, 103 S.W.3d at 371.

Further, upon careful review, the transcripts of the guilty plea and sentencing hearings conclusively refute Guerra-Hernandez's claims. See Booker, 552 S.W.3d at 526 (citing Rule 24.035(h)); Davis, 435 S.W.3d at 117 (internal citation omitted) ("Statements made by the [movant] during sentencing refute ineffective assistance of counsel claims if the questions and responses are specific enough to refute conclusively the movant's allegations."). In response to the plea court's queries, Guerra-Hernandez admitted that plea counsel had explained to him that there was no plea agreement in place and that only the sentencing court could determine his sentence. He affirmed that he understood that he would be sentenced to some appropriate sentence within the range of punishment, possibly exceeding the State's recommended ten years. Particularly relevant to the point on appeal, Guerra-Hernandez testified that no one had made him a promise regarding the outcome of his plea or told him how long he would be confined. Additionally, Guerra-Hernandez never mentioned plea counsel's alleged promise regarding the 120-day treatment program. Likewise, at the sentencing hearing, Guerra-Hernandez confirmed that he was satisfied and had no complaint whatsoever with plea counsel's representation. The lack of any evidence in the record of a promise or guarantee of a particular sentence by plea counsel conclusively refutes Guerra-Hernandez's claim. See Booker, 552 S.W.3d at 526 (citing Rule 24.035(h)); Gold, 341 S.W.3d at 182 (rejecting movant's ineffective-assistance-of-counsel claim that he was misled into believing he would receive a 120–day shock treatment program where the movant's negative responses to plea and sentencing inquiries refuted the existence of his claimed "guaranteed" or "assured" sentence). Thus, the record clearly reflects that Guerra-Hernandez pleaded guilty voluntarily and knowingly without a predetermined, agreed upon sentence and with an understanding of the range of punishment. See Davis, 435 S.W.3d at 117–18; Gold, 341 S.W.3d

at 182. Accordingly, the motion court did not clearly err in denying Guerra-Hernandez's motion for post-conviction relief without an evidentiary hearing. See Booker, 552 S.W.3d at 530–31.

---

[1] All Rule references are to Mo. R. Crim. P. (2016).

[2] All statutory references are to RSMo (Cum. Supp. 2013).

(Doc. 15-9.)

Here, petitioner has failed to satisfy his burden of demonstrating that the Missouri courts unreasonably applied federal law to the factual record in deciding his plea counsel did not render constitutionally ineffective assistance entitling him to relief.

The Missouri Court of Appeals' conclusion that petitioner's guilty plea was not involuntary and that his plea counsel did not render ineffective assistance is supported by federal law and a strong factual record.  His claim is contradicted by the record because there is no evidence in the record of a promise or guarantee of a particular sentence by plea counsel. Petitioner himself told the circuit court under oath that no one made him any promises regarding the outcome of his plea or length of his sentence. (Doc. 15 at 14.) Petitioner admitted that plea counsel had explained that there was no plea agreement, meaning only the sentencing court would determine his sentence. (*Id.*)  Petitioner confirmed that he understood he would be sentenced to an appropriate sentence which fell within the range of punishment, and that the sentence could possibly exceed the State's recommendation of ten years.  (*Id.*)  Even after he received his sentence petitioner made no complaint regarding plea counsel's representation, and stated he was satisfied with plea counsel's performance.  (*Id.*)  Additionally, before pleading guilty, petitioner signed a "Petition to Enter a Plea of Guilty", which stated that he understood the range of punishment, acknowledged that his plea was not pursuant to the prosecutor's recommendation, and admitted that the sentencing court solely controlled the sentence he would receive. (*Id.* at 15).  In the totality of the record, the fact that petitioner requested consideration for the admission to the 120-day treatment program does not rebut the strong presumption of correctness to state court's factual determination.  *United States v. Granados,* 168 F.3d 343, 345 (8th Cir.1999) (stating that a defendant's reliance on an attorney's mistaken impression about the length of sentence is insufficient to render a plea involuntary as long as the court informed defendant of his maximum possible sentence).

-10-

Petitioner has not shown that the state courts' denial of post-conviction relief is contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts.

## **CONCLUSION**

For the reasons set forth above, the petition of Lazaro V. Guerra-Hernandez for a writ of habeas corpus is denied.  Petitioner made no substantial showing that he was deprived of a constitutional right.  Therefore, a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2). An appropriate Judgment Order is issued herewith.


_____ /s/   David D. Noce _____
**UNITED STATES MAGISTRATE JUDGE**

Signed on May 17, 2021.

-11-